IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| POPPLE, CONSTRUCTION, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-2C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the plaintiff's complaint, defendant, the United States, admits, denies and alleges as follows:

## I. JURISDICTION

1. The allegation contained in Paragraph 1 constitutes a legal conclusion and plaintiff's characterizations of its case to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. The allegation contained in Paragraph 2 constitutes a legal conclusion and plaintiff's characterizations of its case to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

## II. PARTIES

3. Denies the allegations contained in Paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. Admits.

## III. FACTS

5. Admits the allegations contained in Paragraph 5 to the extent supported by the referenced solicitation and specifications, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 5.

6. Admits.

7. Admits.

8. Admits the allegations contained in Paragraph 8 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 8.

9. Admits the allegations contained in the first clause of Paragraph 9; denies the allegations contained in the second clause of Paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Denies.

11. Denies the allegations contained in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

12. Admits that the Government insisted that Popple's work comply with the terms of the contract; otherwise denies the allegations contained in Paragraph 12.

13. Denies the allegations contained in Paragraph 13 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

14. Admits the allegations contained in Paragraph 14 to the extent supported by the referenced line item, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 14.

15. Denies the allegations contained in the first three clauses of Paragraph 15. Denies the allegations contained in the final clause of Paragraph 15 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

16. Admits the allegations contained in Paragraph 16 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in Paragraph 18 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in Paragraph 19 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies the allegations contained in Paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. The allegations contained in Paragraph 21 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in Paragraph 22 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits that quantities of riprap removal and riprap were supposed to be replaced; otherwise denies the allegations contained in Paragraph 23.

24. Denies.

25. Denies the allegations contained in the first sentence of Paragraph 25. The allegations contained in the second and third sentences of Paragraph 25 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of Paragraph 25 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of Paragraph 25.

26. Admits the allegations contained in Paragraph 26 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 26.

27. Admits the allegations contained in Paragraph 27 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 27.

28. Admits the allegations contained in Paragraph 28 to the extent supported by the referenced letters, which are the best evidence of their contents; otherwise denies the allegations contained in Paragraph 28.

29. Admits.

30. Denies the allegations contained in Paragraph 30 for lack of information or knowledge sufficient to form a belief as to the truth of the matter asserted.

31. Denies.

32. Denies.

COUNT I

(A REVIEW OF CONTRACTING OFFICER'S DENIAL OF POPPLE'S REQUEST FOR EQUITABLE ADJUSTMENT)

33. Defendant incorporates by reference its responses to Paragraphs 1 through 32 above.

34. The allegations contained in Paragraph 34 constitute legal conclusions and plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in Paragraph 35 constitute legal conclusions and plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT II

(BREACH OF CONTRACT)

36. Defendant incorporates by reference its responses to Paragraphs 1 through 35 above.

37. The allegations contained in Paragraph 37 constitutes legal conclusions and plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in Paragraph 38 constitutes plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. Denies.

COUNT III

(PROMISSORY ESTOPPEL)

40. Defendant incorporates by reference its responses to Paragraphs 1 through 39 above.

41. Denies that Popple performed work apart from that obligated by the contract at the insistence of the Government; denies as well Popple's allegation regarding its expectations for lack of information or knowledge sufficient to form a belief as to the truth of the matter asserted.

42. Denies the allegations contained in Paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

43. Denies.

COUNT IV

(UNJUST ENRICHMENT)

44. Defendant incorporates by reference its responses to Paragraphs 1 through 43 above.

45. The allegations contained in Paragraph 45 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in Paragraph 46 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in Paragraph 47 constitute plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. Denies.

49. Denies that the plaintiff is entitled to the relief set forth in the prayer for relief following Paragraph 48 or to any relief whatsoever.

50. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENSES AND AFFIRMATIVE DEFENSES

51. Government obligations under the contract have already been satisfied.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

April 5, 2006

Attorneys for Defendant

NOTICE OF FILING

I hereby certify that on this 5th day of April, 2006, a copy of the foregoing DEFENDANT"S ANSWER TO PLAINTIFF'S COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt