IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| POPPLE CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-2C |
| v. | ) | |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION IN LIMINE

Pursuant to Rules 1 and 7 of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully moves in limine to exclude certain testimony of two witnesses identified by Popple Construction, Inc., ("Popple") in its preliminary witness list, P.J. Connolly and Brad Hontz. Appendix ("App.") 3-4. Specifically, defendant objects to certain testimony described in an identical manner for each witness. Popple's preliminary witness list states that they will testify concerning "the productivity of a contractor placing material in 6 rather than 8-inch lifts and the ability to utilize a CAT 815 on the Levee Raising Project." Defendant objects to this testimony because Popple did not disclose these witnesses as experts, nor did Popple submit expert reports from them. Defendant requests that the Court exclude any such testimony.

BACKGROUND

This case involves a United States Army Corps of Engineers ("Corps") project providing for the modification of an existing levee in the Wyoming Valley, Kingston-Edwardsville, Pennsylvania. The work involved raising the existing levee by about four feet. The contract required the contractor to raise the levee in layers, referred to as "lifts," up to eight inches thick per lift. The contract contained specific provisions to ensure that the levee was constructed

properly, including a requirement that the contractor use equipment that penetrated at least 75 percent of the lift thickness for those lifts constructed with fine grained materials referred to as "impervious fill." Thus, if the contractor intended to construct the levee in eight inch lifts, it needed to use a machine that could penetrate six inches into the lift (that is, 8 inches x 0.75 = 6 inches).

Popple originally submitted to the Corps for approval a machine known as the Caterpillar 815. This machine is capable of penetrating 7.8 inches into the soil being compacted. Because 7.8 inches is more than 75 percent of eight inches, this machine would have allowed Popple to construct lifts at the contractual maximum of eight inch lifts. However, Popple subsequently informed the Corps that this machine was no longer available. Instead, it employed a machine that was capable of penetrating only five inches into the lift, allowing Popple to construct lifts no thicker than 6.6 inches.

Popple's certified claim consists of two components. In the component to which this motion relates, Popple seeks $904,319 because it alleges that the Corps required it to construct the lifts in six inch rather than eight inch lifts. Although not stated in its certified claim, in its complaint Popple alleges that, pursuant to "the Corps' express instruction and direction," Popple constructed the lifts in six inch, rather than eight inch, lifts. Complaint ¶¶ 15, 17. Based upon the number eight being one third larger than six, Popple alleges that its costs for several portions of the contract work increased by one-third.

The Government denies that it directed Popple to construct the lifts in six inch lifts. Rather, Popple simply failed to obtain a machine such as the Caterpillar 815 that would penetrate the minimum 75 percent of an eight inch lift. The Corps allowed Popple to construct the lift in

lift thicknesses that corresponded to the penetration of the equipment that Popple utilized. The Corps also disputes that the productivity difference for a contractor in constructing six versus inch lifts can be calculated simply by using the mathematical ratio between the numbers six and eight.

During discovery, Popple did not identify any experts. Consequently, it did not produce any expert reports on any topic.

Several weeks after the close of discovery, Popple served its preliminary witness list upon the Government. The witness list contained the names of two witnesses whom Popple had not previously identified, Messrs. Connolly and Hontz. Pursuant to RCFC Appendix A, ¶ 13(b), defendant deposed these witnesses on July 10 & 11, 2007. During their depositions, both Messrs. Hontz and Connolly testified that they lacked personal knowledge with respect to Popple's activities on the project at issue. For example, Mr. Hontz testified:

> Q. ... Are you familiar with the Kingston-Edwardsville project?
>
> A. Popple's project?
>
> Q. Yes.
>
> A. Not really the items of work. I'm not familiar with it. As far as how much -- you know, quantity-wise, how much there was, how much their bid was, I have no idea.

App. 46, line 25 to 47, line 7.

Similarly, Mr. Connolly testified:

> Q. Did you ever go to the site of the Kingston project while Popple was performing its work on that project?
>
> A. No.

Q. Do you know anything about how Popple intended to do the work on that project?

A. No.

Q. Do you know anything about how they actually did the compaction work on the project?

A. No.

App. 17, lines 1-10.

ARGUMENT

In the landmark case of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993), the United States Supreme Court held that a trial court must, pursuant to the Federal Rules of Evidence ("FRE") ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable. In Kumho Tire Co., Ltd., v. Carmichael, 526 U.S. 137, 147-48 (1999), the Supreme Court held that Daubert's "gatekeeping" obligation applied not only to scientific testimony, but to all expert testimony.

The year following its opinion in Kumho Tire, the Supreme Court enacted, among other things, two amendments to the FRE. The Court amended FRE 702 explicitly in response to Daubert. See Advisory Committee Notes 2000 Amendments. The Court amended the rule by adding the following text in bold:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, **if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.**

Compare, e.g., current FRE 702 with Daubert, 509 U.S. at 588. "The amendment affirms the trial court's role as gatekeeper and provides some general standards that the trial court must use to assess the reliability and helpfulness of proffered expert testimony." Advisory Committee Notes 2000 amendments.

As a result of the changes in FRE 702, the Supreme Court also amended FRE 701 concerning lay opinion testimony. The 2000 amendment to FRE 701 incorporates the distinctions set forth in State v. Brown, 836 S.W. 2d 530, 549 (Tenn. 1992), in which the Supreme Court of Tennessee ruled that the distinction between lay and expert witness testimony is that "lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" The 2000 amendment to FRE 701 is intended "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Advisory Committee Notes 2000 amendments. As a result, FRE 701 was amended to add the following text in bold:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, **and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.**

"By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Advisory Committee Notes 2000 Amendments (citing Joseph, Emerging Expert

Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 97, 108 (1996) (noting that "there is no good reason to allow what is essentially surprise expert testimony" and that "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process"). Thus, “[t]he amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.” Id.

In this Court, these expert disclosure requirements are set forth in RCFC 26(a)(2). This rule requires the disclosure of experts and the submission of an expert report. Among other things, the report must “contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions ... .” RCFC 26(a)(2)(B).

Here, if Popple were to attempt to introduce testimony from Messrs. Hontz and Connolly, it cannot be admitted pursuant to FRE 702 because Popple has not complied with the disclosure requirements of FRE 702 and RCFC 26(a)(2). Nor may the proposed testimony be admitted pursuant to FRE 701 because it would violate both clauses (a) and (c) of the rule.

FRE 701(a) prohibits testimony that is not “rationally based on the perception of the witness.” Messrs. Hontz and Connolly lack of knowledge of Popple’s activities on this project make it impossible for them to provide any such testimony with respect to the project. See Cuyahoga Metro. Housing Auth. v. United States, 60 Fed. Cl. 481, 482 (2004) (granting motion to strike declaration where testimony was based upon information provided by others and did not meet the personal knowledge requirements of FRE 701(a)).

With respect to FRE 701(c), to the extent that Popple intends to elicit opinions from them as to the hypothetical difference in productivity in compacting six and eight inch lifts, this would require "scientific, technical, or other specialized knowledge within the scope of Rule 702" and subject to its disclosure requirements. See Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000) ("Unlike a lay witness under Rule 701, an expert can answer hypothetical questions and offer opinions not based on first-hand knowledge").

Our depositions of Messrs. Connolly and Hontz make clear that the testimony that Popple intends for them to provide concerning the productivity difference in compacting eight and six inch lifts is expert, not lay, testimony and is much more complicated than the ratio between the numbers six and eight. For example, Mr. Connolly testified that there are a number of factors which determine how difficult the compactive effort is:

Q. Are you familiar with the term compactive effort?

A. Yes.

Q. What do you understand that term to mean?

A. It would mean to me putting all resources necessary to get something compacted based on the materials. Putting forth a good effort to compact the material that you're working with, without any extraordinary means of getting it compacted.

Q. Would you agree with the statement that it generally takes more energy to compact a larger quantity of material than a lesser quantity of material?

A. Volume or thickness?

Q. Let's start with thickness.

A. It takes -- soils are different. It depends on what kind of soil. Sometimes, generally speaking, a thinner lift is easier to compact than a thicker lift.

Q. Would you agree that the compactive effort would be dependent on a number of factors such as soil type?

A. Yes.

Q. And moisture content?

A. Yes.

Q. The desired compaction percentage?

A. Yes.

Q. The weight of the compaction machine?

A. Yes.

App. 22, line 14 to 23, line 20. Any testimony that Messrs. Connolly and Hontz could provide concerning the productivity difference in compacting six and eight inch lifts that analyzes the factors which affect the compactive effort is clearly beyond the process of reasoning in every day life. Instead, it "results from a process of reasoning which can be mastered only by specialists in the field." State v. Brown, 836 S.W. 2d at 549. Thus, this testimony is not admissible pursuant to FRE 701(c).

Similarly, to the extent that Popple intends to introduce testimony from Messrs. Hontz and Connolly that relates to "the ability to utilize a CAT 815 on the Levee Raising Project" (App. 3) this would also be specialized knowledge that is beyond a lay person. An ordinary lay person would have no ability to analyze which construction equipment is suitable for a particular levee raising project. Therefore, this would also be testimony that would fall under FRE 702 and is barred by Popple's failure to comply with the disclosure requirements of RCFC 26(a)(2).

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant this motion and bar Popple from introducing any expert witness testimony from Messrs. Connolly and Hontz.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 353-1618
(202) 514-8624 (fax)

July 27, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27th day of July, 2007, a copy of the foregoing motion for enlargement was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell