**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **POPPLE CONSTRUCTION, INC.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | **No. 06-2C** |
| **THE UNITED STATES,** | : | |
| | : | **(Judge Braden)** |
| **Defendant** | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF, POPPLE CONSTRUCTION, INC., TO SPECIAL DEFENSE BY WAY OF COUNTERCLAIM OF DEFENDANT, THE UNITED STATES**

The Plaintiff, Popple Construction, Inc. ("Popple"), by and through its counsel, Raymond P. Wendolowski, Esquire, hereby files its Answer and Affirmative Defenses to the Special Defense by Way of Counterclaim asserted by the United States as follows:

53. Denied. The averments contained in Paragraph 53 of the Special Defense by Way of Counterclaim constitute conclusions of law to which no responsive pleading is required and they are therefore deemed to be denied.

54. Admitted.

55. Admitted.

Factual Background

56. Admitted.

57. Admitted.

58. Denied.

59. Denied as stated.

60. Admitted.

61. Admitted.

62. Admitted.

63. Denied as stated.

64. Admitted in part and denied in part. It is admitted that on September 24, 2003, Popple submitted to the Corps a package entitled "Just compensation for required placement of six inch impervious and random fills" and that Popple later certified its claim to the United States. It is specifically denied that this was Popple's first notice of its claim against the United States for this issue. To the contrary, Popple had provided both written and oral notice of the fact that it was incurring additional costs as a result of the lift thickness issue since that issue arose in 1998.

65. Denied as stated.

66. Denied as stated.

67. Denied.

68. Denied as stated.

69. Denied as stated.

70. Denied as stated.

71. Denied.

72. Denied.

73. Admitted in part and denied in part. It is admitted that Popple's claim listed a total billing by Midlantic Engineering. It is also admitted that Popple produced all documents in its possession pertaining to billing from Midlantic. By way of further

answer, Popple has since secured all Midlantic's billings from Midlantic and has made all those documents available to the United States.

74. Denied.

75. Denied as stated.

76. Denied as stated.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted in part and denied in part. It is only admitted that the Corps of Engineers threatened Popple with a fraud investigation if Popple pursued its good faith claim for additional compensation from the United States. The remaining averments are denied.

82. Admitted in part and denied in part. It is only admitted that the Corps solicited from Popple information regarding Popple's overhead rate of 31 percent. Popple provided all information requested and engaged in a negotiation with the contracting officer's representative regarding the appropriate overhead rate for Popple's claims. After a negotiation session involving Mark Popple, his Certified Public Accountant, John Vozniak, and the contracting officer's representative, the contracting officer's representative informed Popple that he would agree to an overhead rate of 24 percent and that rate was utilized, by agreement between Popple and the Corps of Engineers, on all Contract Modifications.

83. Denied.

84. Denied.

85. Admitted. By way of further answer at no time did any representative of Popple, including Mark Popple, represent to the Corps that David Popple was a working officer at Popple Construction, or that David Popple's salary should be included in any overhead calculation for Popple Construction. In fact, Popple had provided to the Corps of Engineers accurate information indicating that David Popple's salary was not included in Popple's financial statements.

86. Denied.

87. Denied.

88. Denied.

Popple's False or Fraudulent Claims

89. Denied.

90. Denied.

Count I – Forfeiture of Fraudulent Claims, 28 U.S.C. § 2514

91. Popple incorporates by reference its responses to Paragraphs 53 through 90 above as if set forth at length herein.

92. Denied.

93. Denied.

Count II – Contract Disputes Act, 41 U.S.C. § 604

94. Popple incorporates by reference its responses to Paragraphs 53 through 93 above as if set forth at length herein.

95. Denied.

96. Denied.

Count III-False Claims Act-Presentation of False Claims, 31 U.S.C. § 3729(a)(1)

97. Popple incorporates by reference its responses to Paragraphs 53 through 96 above as if set forth at length herein.

98. Denied.

99. Denied.

WHEREFORE, Popple respectfully requests that the Court dismiss the Government's Special Defense by way of Counterclaim and enter judgment in favor of Popple and against the United States as set forth in Popple's Complaint.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE I

The Special Defense by way of Counterclaim filed by the United States fails to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE II

The claims asserted by the United States in the Special Defense by way of Counterclaim are barred as a result of the unclean hands of the United States and its representatives.

### AFFIRMATIVE DEFENSE III

The Special Defense by way of Counterclaim asserted by the United States is asserted in bad faith and out of personal animus by representatives of the Corps of Engineers toward Popple Construction and its representatives and is asserted solely to coerce Popple Construction to withdraw its good faith claims or compromise those claims for less than fair and reasonable value.

AFFIRMATIVE DEFENSE IV

The claims submitted by Popple were submitted and certified in good faith based upon Popple's reasonable estimates as to the damages it has sustained as a result of the wrongful conduct by the United States.

AFFIRMATIVE DEFENSE V

The Special Defense by way of Counterclaim asserted by the United States pertaining to Popple's overhead rate is barred either in whole or in part by the doctrine of accord and satisfaction.

Respectfully submitted,

BY: /s/ Raymond P. Wendolowski_________________

Raymond P. Wendolowski, Esquire
Counsel for Plaintiff, Popple Construction, Inc.
P.O. Box 1313
Wilkes Barre, PA 18703-1313
Telephone: 570.270.9180
Facsimile: 570.270.9182

Dated: October 1, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **POPPLE CONSTRUCTION, INC.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | **No. 06-2C** |
| **THE UNITED STATES,** | : | |
| | : | **(Judge Braden)** |
| **Defendant** | : | |

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on the 1st day of October, 2007, a true and correct copy of the Answer and Affirmative Defenses of Plaintiff, Popple Construction, Inc., to the Special Defense by Way of Counterclaim of Defendant, The United States, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Raymond P. Wendolowski___________
Raymond P. Wendolowski, Esquire